

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-7-2007

# Jackman v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2726

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Jackman v. Smith" (2007). *2007 Decisions.* Paper 247.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/247

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-27                                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-2726

DONALD G. JACKMAN, JR.,
Appellant

v.

PHILIP SMITH; JOHN SHARP; BRADLY SWIM; DANIAL POWERS;
WILLIAM CRAIG; WILLIAM PARKS; KENNETH WERSTAK; G. LEON;
DANIAL L. TOFT; MICHAEL REINER; MARGARET E. PICKING; JASON
WICK; JOSEPH C. LUND, SR.; MARK MURRAY; LOUIS J. WEIRS; KEVIN
MCCLINSEY; KATHY KLONTZ; ALBERT FRANCIS WESSEL; DOUGLAS
SMITHER; PA STATE TROOPER SHAFER; PA STATE TROOPER MICHAEL;
CHIEF JUDGE MAURICE B. COHILL, JR.; SUE HAGGERTY; LAWSON
BURNSTEIN, M.D. P.C.; TONY KELLER; SHERYLE L. LONG; EFREM M. GRAIL;
MARKETA SIMS; CAROLE MCMILLEN; MARK BOWMAN; ANDREW
WEIGAND; DONNA WEIGAND; PAT SARNESE; MRS. SARNESE; JOHN E. SHEA;
JOHN P. JOYCE; DENNIS M. LORMEL; THOMAS G. NOSCHESE; JEFFREY B.
KILLEEN; KEVIN P. DEEGAN; LARRY S. KLUMB; SEAN S. BURNS; RALPH W.
BRUMLEY; NORMAN R. MIHM; EDWARD V. MATUNE; RALPH W. KUSH;
WILLIAM PARKS; STEVEN N. BIELICH; DANIAL G. NEWMAN; MICHAEL E.
ALBERT; MICHAEL J. MCKEOWN; WILLIAM L. ALCORN, JR.; BRUCE T.
RUPERT; ROBERT D. BERINGER

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 05-cv-00215E)
District Judge: Honorable William W. Caldwell

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 25, 2007

Before: AMBRO, FUENTES and JORDAN, <u>Circuit</u> <u>Judges</u>

OPINION

PER CURIAM

Donald G. Jackman, Jr., proceeding pro se, appeals from the May 30, 2007 order of the United States District Court for the Western District of Pennsylvania granting Appellees' Rule 12(b)(6) motions for dismissal. We will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2). See LAR 27.4 and I.O.P. 10.6.

On April 12, 2000, a grand jury in the Western District of Pennsylvania indicted Jackman for being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), and for possessing an unregistered destructive device, in violation of 26 U.S.C. § 5681(d). On February 14, 2002, after a jury trial before U.S. District Judge Maurice B. Cohill, Jr., Jackman was found guilty of possessing an unregistered destructive device. The next day, he pleaded guilty to the remaining charge. On September 17, 2002, Judge Cohill sentenced Jackman to 120 months of imprisonment for violating 26 U.S.C. § 5681(d), and to 262 months of imprisonment for violating 18 U.S.C. §§ 922(g)(1) and 924(e)(1), both terms to be served concurrently. The Third Circuit affirmed Jackman's conviction on July 30, 2003, and the U.S. Supreme Court declined to issue a writ of certiorari. In July 2005, Jackman filed the present civil rights action against 50-plus defendants who were in some way connected with the

investigation leading to his arrest, his actual arrest, and/or his prosecution and conviction.

Over Jackman's objections, on May 30, 2007, the District Court granted the defendants' Rule 12(b)(6) motions to dismiss pursuant to the Magistrate Judge's recommendations. Jackman filed a timely notice of appeal to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review of a dismissal for failure to state a claim. Angstadt v. Midd-West Sch. Dist., 377 F.3d 338, 342 (3d Cir. 2004). Having granted Jackman leave to proceed in forma pauperis, we must now determine whether his appeal should be dismissed as lacking an arguable basis in law or fact pursuant to 28 U.S.C. § 1915. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Although Jackman attempts to invoke many federal statutes,[1] the Magistrate Judge correctly determined that his complaint was appropriately considered a Bivens action.[2] As the Magistrate Judge assessed, there are a myriad of proper bases for dismissing Jackman's particular allegations. The entire complaint is flawed, however, because none of the claims was timely filed.[3]

---

[1] We note that Jackman specifically stated that he was not bringing this action under 28 U.S.C. § 2255.

[2] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), creates a cause of action which is the federal equivalent of the § 1983 action against state actors, and lies where the defendant has violated the plaintiff's rights under color of federal law. See Brown v. Philip Morris Inc., 250 F.3d 789, 800 (3d Cir. 2001).

[3] Under the so-called "Third Circuit Rule" a defendant may assert a statute of limitation defense in a Rule 12(b)(6) motion "if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (internal citation

3

The statute of limitation for claims arising under § 1983 is the state statute of limitation for personal injury actions, which in Pennsylvania is two years. Garvin v. City of Phila., 354 F.3d 215, 220 (3d Cir. 2003); 42 PA. CONS. STAT. ANN. § 5524. Federal law determines when a cause of action for constitutional claims accrues, Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991), and a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action, Sameric Corp. of Del. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998). See also Wallace v. Kato, 127 S. Ct. 1091, 1095 (2007) (finding that the accrual date of a § 1983 action is "when the plaintiff can file suit and obtain relief") (internal citation omitted).

Jackman's claims all arise from the investigation leading up to his arrest, his arrest, the search of his car and house immediately after his arrest, his pre-trial detention, and his prosecution and conviction. Federal authorities began investigating his activities in 1999, he was arrested and his house and car were searched in March 2000, he was tried in February 2002, and he was sentenced in September 2002. Thus—even assuming that for some reason Jackman had no reason to know of the alleged violations concerning the investigation and his arrest until he was sentenced—September 2004 is the latest that any allegations of civil rights violations regarding the events leading up to and including his conviction and sentencing could have been timely filed. Accordingly, Jackman's

---

omitted).

4

complaint, filed in July 2005, is time-barred, and his appeal lacks any arguable basis.[4]

Accordingly, we will dismiss Jackman's appeal pursuant to 28 U.S.C. §
1915(e)(2)(B).

---

[4] We also agree with the Magistrate Judge's other bases for recommending dismissal of Jackman's claims, as many of the defendants are, for example, immune from suit, did not act under color of federal law, or were not served with the complaint. Moreover, as the Magistrate Judge assessed, many of the claims are barred under Heck v. Humphrey, 512 U.S. 477 (1994). Finally, as the Magistrate Judge determined in his March 26, 2007 memorandum and order, Jackman's allegations of a conspiracy between the defendants do not meet Federal Rule of Civil Procedure 8(a)'s pleading standards.